FILED

OCT 27 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>DEBRA LYNN DUNCAN,<br><br>        Debtor.<br>_____ | Case No. 11-23671-A-7<br><br>Docket Control No. UST-1<br><br>Date: October 26, 2011<br>Time: 10:00 a.m. |

### MEMORANDUM

The United States Trustee asks that a bankruptcy petition preparer, Julius Ortiz, forfeit a $500 fee paid to him by the chapter 7 debtor for the preparation of the petition, schedules and statements, and that he be fined $2,000 for fraudulently representing in a sworn declaration that he had been paid, not $500, but $125.

The debtor met with Mr. Ortiz at his home office on January 14, 2011 to prepare her bankruptcy petition and the related schedules and statements. About a week prior to this meeting, she had spoken to Mr. Ortiz about retaining him. The debtor was informed by Mr. Ortiz that he charged $500 for his services. During their meeting on January 14, Mr. Ortiz asked the debtor about her finances, debts, and assets and he entered her information into his computer. When he was done, he asked the debtor to write him a check for $125. The remaining $375 was to be paid by the debtor when she picked up the documents. Mr. Ortiz gave the debtor a receipt for the $125 check. The check

cleared the debtor's bank account on January 18.

On Sunday, January 16, Mr. Ortiz telephoned the debtor and informed her that her bankruptcy documents were ready to be picked up. The debtor told Mr. Ortiz that she would bring him a $375 check for the remainder of his fee when she went to his office to pick up the documents. Mr. Ortiz asked her for cash rather than a check.

On January 18, the debtor withdrew $400 in cash from her bank account. She and her son went to lunch and then went to Mr. Ortiz's office. The debtor gave him $375 in cash and received from Mr. Ortiz her bankruptcy documents for filing. She asked him for a receipt but he declined to give her one, explaining that he had already given her a receipt. Even though that receipt was for just the $125 paid by check, the debtor dropped her request for a second receipt.

The debtor was accompanied by her son during the January 14 and 18 visits to Mr. Ortiz's office. Her son corroborated the debtor's version of what was paid to Mr. Ortiz, how it was paid, her request for a second receipt, and Mr. Ortiz's refusal to give a second receipt.

The debtor did not immediately file the petition. It was not filed until February 14. The debtor explained that she delayed filing it because she wanted to think further about filing bankruptcy, and she needed to save enough money to pay the $299 filing fee. That fee was paid in full by the debtor on February 14 when she filed the petition.

The petition documents show that the debtor's case was a straightforward consumer bankruptcy. She owned modest household

property and personal belongings as well as an unencumbered 2004 Toyota valued at $8,105. The debtor owned no real estate. Her income was less than the state median income, she had no secured or priority debt, and owed less than $23,000 to a handful of unsecured creditors.

Included among the bankruptcy documents given to the debtor by Mr. Ortiz was his Disclosure of Compensation of Bankruptcy Petition Preparer. It was signed by Mr. Ortiz and dated January 15. In it, Mr. Ortiz states under penalty of perjury that he had received $125 for document preparation services and that nothing further was due to him for preparing the documents.

Apparently, the debtor did not notice the discrepancy between what she had paid to Mr. Ortiz and what he represented had been paid and what was to be paid to him. The debtor filed the Disclosure with her other petition documents on February 14.

At the March 25 meeting of creditors, the chapter 7 trustee asked the debtor to complete a form titled, Statement by Debtor Not Represented by an Attorney. As a matter of routine, chapter 7 trustees in this district ask unrepresented debtors to fill out this form or one like it.

The debtor disclosed that she had paid Mr. Ortiz $500. Given that Mr. Ortiz's Disclosure indicated he had been paid $125, the chapter 7 trustee notified the United States Trustee of the discrepancy. The United Trustee then filed the motion now before the court.

In response, Mr. Ortiz maintains that in fact he was paid just $125 and his Disclosure is accurate. He maintains that the $400 in cash withdrawn by the debtor on January 18 was used by

the debtor to pay the $299 filing fee to the Bankruptcy Court.

There is some support for Mr. Ortiz's assertion.

It is consistent with his Disclosure as well as the receipt for $125 he gave to the debtor.

And, a review of the debtor's bank statements for January and February 2011 reveals no check for $299 or single cash withdrawal of $299 or more other than the January 18 $400 cash withdrawal between January 18 and February 14.

Nonetheless, the court finds the debtor's testimony to be more credible than that of Mr. Ortiz for the following reasons.

First, the debtor indicated she saved the $299 filing fee by withdrawing small amounts from her bank account for the one month period between the receipt of the bankruptcy documents and the date she filed them.

While the debtor testified that she thought she had taken back cash when depositing her paychecks, her bank statements show no paychecks were deposited between January 18 and February 14. However, the debtor also testified that she routinely kept approximately $200 in cash at her home. Further, her bank records reflect that she made cash withdrawals totaling $160 between January 18 and January 31.[1] From these sources the debtor had the cash to pay the $299 filing fee without using the January 18 $400 cash withdrawal.

Second, the debtor's son accompanied her to Mr. Ortiz's offices on the two occasions where money changed hands. He

---

[1] These consist of three $40 ATM withdrawals on 1/18, 1/24, and 1/31, and four instances where the debtor received $10 in cash back in connection with purchases made with her check card. The purchases were on 1/24, 1/26, 1/27, and 1/28.

corroborates his mother's testimony.

Third, Mr. Ortiz suggests that the debtor is making a false accusation in order to reap a financial windfall at his expense. Considering the amount of time the debtor has had to take off from her employment to assist the United States Trustee in the prosecution of this motion by preparing three declarations, testifying at a deposition, producing bank records, and testifying at trial, the court seriously doubts that the debtor views this as a money-making proposition.

The issue of what had been paid to Mr. Ortiz came up in connection with the chapter 7 trustee's routine examination of the debtor at the meeting of creditors. There is no evidence that the chapter 7 trustee, or anyone else, told or suggested to the debtor that she had any prospect of recovering money from Mr. Ortiz. Further, the debtor did not seek out the trustee or the United States Trustee by complaining about Mr. Ortiz.

Fourth, Mr. Ortiz put up spirited defenses to similar motions filed by the United States Trustee in two earlier cases before Judge Klein. In those cases, Mr. Ortiz signed disclosures under penalty of perjury that he had prepared petition documents for $125. In fact, he had collected $400 from each debtor. In these cases he maintained that, in addition to preparing bankruptcy documents for $125, he had performed other services for $275.[2] Judge Klein concluded the entire $400 fees were for bankruptcy document preparation and ordered the fees disgorged.

---

[2] These case are 08-21435-C-7 and 08-21437-C-7. The court takes judicial notice of the documents filed in connection with the United States Trustee's motions and Judge Klein's orders. Mr. Ortiz's motion to exclude this evidence pursuant to Fed. R. Evid. 403 is overruled.

Finally, Mr. Ortiz produced no written contract signed by himself or the debtor indicating that he had agreed to provide document preparation services in this case for $125.

Mr. Ortiz claims he gave a document titled, Chapter 7 & 13 Petition Preparation Service, to the debtor. It recites that his "fee for [preparation of bankruptcy documents] is a flat rate of $125.00." Mr. Ortiz admits, however, that neither he nor the debtor signed this document and the debtor does not acknowledge receiving a copy of it.

A bankruptcy petition preparer, like Mr. Ortiz, is a debt relief agency as defined by 11 U.S.C. § 101(12A). A debt relief agency providing any type of assistance to a person filing bankruptcy is required to, "not later than 5 business days after the first date on which such agency provides [assistance] but prior to the assisted person's petition . . . being filed, execute a written contract with such assisted person. . . ." That contract must clearly and conspicuously explain the services to be provided and the fee or charge for those services. See 11 U.S.C. § 528(a)(1).

Even though Mr. Ortiz maintains that he is now having his clients sign the Chapter 7 & 13 Petition Preparation Service document, in this case neither he nor the debtor signed it or something like it. And, the debtor does not acknowledge being given a copy of it.

Given his experience in the 2008 cases before Judge Klein where debtors paid Mr. Ortiz $400 but Mr. Ortiz claimed $125 of the $400 was for document preparation services and the balance were for other services, whether or not the law required it,

common sense and self preservation should have prompted Mr. Ortiz to sign a contract with his clients that stated the cost of his bankruptcy related services. In light of this prior experience, the failure to sign such a contract here suggests to the court that the omission was intentional - he did not want to sign a contract agreeing to provide bankruptcy document preparation services because he was charging more than $125, the amount the court considers presumptively reasonable for document preparation by nonattorneys.[3]

Based on the foregoing, the court concludes that the Disclosure filed by Mr. Ortiz was false when signed and filed. He asked for a total fee of $500 and it was paid to him by the debtor in two installments, one of $125 and a second of $375.

Aside from signing a false Disclosure, two facts indicate Mr. Ortiz attempted to conceal the true amount paid to him.

Mr. Ortiz received a check for $125 and gave a receipt for that amount. Not coincidentally, $125 is the amount this court will allow as a presumptively reasonable fee by a petition preparer. See Guidelines Pertaining to Bankruptcy Petition Preparers in Eastern District of California Cases. Thus, the fees not disclosed by Mr. Ortiz exceed what the court considers presumptively reasonable.

Further, Mr. Ortiz refused to take a check for the second installment of $375 and to give a receipt for that cash. He thereby avoided creating a paper trail showing that he had

---

[3] See Guidelines Pertaining to Bankruptcy Petition Preparers in Eastern District of California Cases, www.caeb.uscourts.gov/documents/Forms/Guidelines/GL.Prep.pdf.

received more than $125.

Therefore, because Mr. Ortiz is a bankruptcy petition preparer within the meaning of 11 U.S.C. § 110(a), and because he committed a deceptive and fraudulent act by falsely stating under penalty of perjury that he had received only $125 for document preparation in this case, he shall forfeit his $500 fee and shall pay the debtor an additional $2,000. See 11 U.S.C. § 110(h)(h)(2), (h)(3)(B), (i)(1).

The United States Trustee shall lodge a conforming order.

Dated: 27 Oct 2011

By the Court

Michael S. McManus, Judge
United States Bankruptcy Court

Case 11-23671    Filed 10/27/11    Doc 51

## CERTIFICATE OF MAILING

1. I, Susan C. Cox, in the performance of my duties as a judicial assistant to the Honorable Michael S. McManus, mailed by ordinary mail to each of the parties named below a true copy of the attached document.

Judith Hotze
501 I St #7-500
Sacramento, CA 95814

Julius Ortiz
1000 Carrie St
West Sacramento, CA 95605

Debra Duncan
6829 San Tomas Dr #276
Citrus Heights, CA 95621

Ryan Lucksinger
PO Box 1257
Rocklin, CA 95677

Dated: October 27, 2011

_____
Susan C. Cox
Judicial Assistant to Judge McManus